

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bowlen Bond
County Attorney
Freestone County
Teague, Texas

Dear Mr. Bond:                    Opinion No. O-7304

                    Re: Conflict of jurisdiction of a
                        delinquent child.

        Your request for an opinion from this department is as
follows:

        "On July 9, 1946, Joice Hawkins and James Lee
    Terry, ages 16 and 15, respectively, both of whom
    reside in Limestone County, Texas, committed a bur-
    glary of the Southern Pacific Railway Station at
    Wortham, in Freestone County; subsequent thereto
    on the same night, these boys committed two bur-
    glaries in Mexia, Limestone County, Texas. They
    were apprehended by the peace officers of Limestone
    County, both making a voluntary statement of the
    burglaries in Freestone and Limestone Counties.
    On a petition duly filed in the County Court of
    Limestone County, sitting as a Juvenile Court, al-
    leging one of the burglaries in Limestone County,
    each of the boys were on the 13th day of July,
    1946, adjudged to be a delinquent child, and dis-
    position made of each of them by committing the
    custody and control to individuals in Limestone
    County. I am informed that the judgment of the
    court, a copy of which I have not been furnished,
    committed each of these boys until they became 21
    years of age.

        "No action has been taken against the boys in
    Freestone County.

        "Section 5, Art. 2338-1, Vernon's Annotated
    Statutes, as amended, provides in part:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

414

Honorable Bowles Bond - page 2


"'When jurisdiction shall have been obtained
by the court in the case of any child, such child
shall continue under the jurisdiction of the court
until he becomes twenty-one (21) years of age, un-
less discharged prior thereto; such continued jur-
isdiction shall, however, in no manner prejudice
or constitute a bar to subsequent or additional
proceedings against such child under the provis-
ions of this Act.'

"Section 6 of Art. 2338-1, of said Act pro-
vides in part:

"'The Juvenile Court having jurisdiction of
a child may transfer the case to the Juvenile Court
of the County in which the child is presently resid-
ing, and shall send transcript of records of the
Judge of the other court, which shall be filed in
the office of the clerk of such court".

"Question: After the adjudication of a child
to be a delinquent child in the Juvenile Court in
one County, committing the child until he becomes
21 years of age, does the Juvenile Court of another
county acquire jurisdiction of such child upon a
petition filed subsequent to the adjudication in
the former county, based on felonious acts commit-
ted in the latter county prior to the adjudication
in the former county?'

It is the opinion of this department your question
should be answered in the negative.

Section 5 Article 2338-1 Revised Civil Statutes (Ver-
non's Annotated Statutes), which you quote, emphatically states
that when jurisdiction shall have been obtained by the court in
the case of any child, "such child shall continue under the jur-
isdiction of the court until he becomes twenty-one years of age,
* * *."

It will be observed this jurisdiction which abides for
the time stated is over the child, not the particular offense or
act with which the child is charged. It is a well-settled prin-
ciple of law in this State, that where a court of competent juris-
diction first acquires jurisdiction of the subject matter, it has
exclusive jurisdiction thereof to the end of the proceeding.
Cleveland v. Ward, 285 S. W. 1063.

Our conclusion is compelled by the subject or purpose stated in the title to Senate Bill No. 44, the Act in question, as follows:

"An Act, the purpose of which is to change the method for handling delinquent children from the present criminal procedure to guardianship in order to secure for each child coming within the Act such care, guidance and control as will serve the child's welfare and best interest of the state; * * *."

The latter portion of Section 5, authorizing subsequent or additional proceedings against such child is not at all inconsistent with the construction we have given, but is subordinate thereto, and such subsequent or additional proceedings should be instituted in the court having exclusive jurisdiction; or, if such additional proceeding should be instituted in another court, it would be removed upon proper plea of pending suit to the court having first acquired jurisdiction. (Cleveland v. Ward, supra).

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 26 1946

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
ASSISTANT

OS-MR

